UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICOH COMPANY, LTD., et al., : | |
| : | Civil Action No. 03-2612 (WHW) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | **OPINION** |
| KATUN CORP., et al., : | June 2, 2005 |
| : | |
| Defendants. : | |

SUSAN D. WIGENTON, UNITED STATES MAGISTRATE JUDGE:

      Before the Court is Defendant Nashua Corporation's (hereinafter "Defendant") motion for leave to amend its answer and to file a counterclaim alleging that Plaintiffs Ricoh Company, Ltd., Ricoh Corporation and Ricoh Electronics, Inc. (Hereinafter "Plaintiffs") have unlawfully restrained trade in violation of the Sherman Antitrust Act.  The Court has throughly considered the written arguments submitted by both parties, and makes its ruling based upon the same.  The relevant facts and procedural history have been set forth sufficiently in the briefs submitted to the Court; thus, the Court will not recount them here.  For the following reasons, Defendant's motion for leave to amend its answer and to file a counterclaim under the Sherman Antitrust Act is denied.

      Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading by leave of the Court, and leave must be freely given when justice so requires.  However, a scheduling order that sets forth a deadline to amend pleadings shall not be modified except by leave of the Court upon a showing of good cause.  Fed. R. Civ. P. 16(b).  In the Third Circuit, leave to amend a

pleading shall be granted unless the non-movant can show that it will suffer undue prejudice if the motion is granted.  Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993).  If there is no showing of undue prejudice, a motion to amend may only be denied if the Court determines that there is evidence of bad faith, undue or unexplained delay, continual failure to cure any deficiency through previous amendments, or futility of the proposed amendment.  Id.

      Defendant Nashua Corporation seeks leave to amend its answer and to add a counterclaim against Plaintiffs, more than one year after the February 15, 2004 deadline to amend pleadings set by an order of this Court has passed.  While Defendant acknowledges this exceptional delay in seeking leave to amend its pleading, it does not offer an explanation for the delay.  The Court also notes that Defendant was well aware of Defendants Katun Corporation and General Plastics Industrial Company, Ltd.'s (hereinafter "Katun" and "GPI") letter of February 20, 2004, which sought leave to amend their answers and to include a counterclaim of the very same nature as the counterclaim which Defendant now seeks to pursue, but Defendant failed to join in Katun and GPI's motion.  Once again, Nashua has offered no reasonable explanation for failing to join in Katun and GPI's motion.

      Without a reasonable explanation for this delay, this Court has no choice but to conclude that the delay was undue and unjustified.  This is not a matter of a few weeks or months that have transpired; well over a full year has passed since the deadline to amend pleadings contained in the Court's order expired.  Without sufficient justification, the Court cannot enlarge the filing period for such a lengthy delay.  While the prejudice suffered by Plaintiffs may be somewhat limited by the fact that the parties have conducted little discovery with regard to the antitrust claims as of yet, the undue and unexplained delay by Nashua in seeking leave to amend and file a

counterclaim greatly outweighs this fact.  This Court is quite concerned with ensuring the expeditious handling of matters before it via close adherence to its scheduling orders, and "[i]f [scheduling orders] can be disregarded without a specific showing of good cause, their utility will be severely impaired."  <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3d Cir. 1986).

Thus, for the foregoing reasons, Defendant Nashua Corporation's motion for leave to amend its answer and to file a counterclaim under the Sherman Antitrust Act is DENIED.


                                                                  **s/ SUSAN D. WIGENTON**
                                                            UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk
cc:     Honorable William H. Walls
       Parties
       File