UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RICOH COMPANY, LTD., et al.,                   :
                                                :   Civil Action No. 03-2612 (WHW)
             Plaintiffs,                        :
                                                :
v.                                              :
                                                :   OPINION
KATUN CORP., et al.,                            :   July 14, 2005
                                                :
             Defendants.                        :
_____:

<u>SUSAN DAVIS WIGENTON, UNITED STATES MAGISTRATE JUDGE</u>:

  Before the Court is Plaintiffs Ricoh Company, Ltd., Ricoh Corp. and Ricoh Electronics, Inc.'s (hereinafter "Plaintiffs") motion to bifurcate and stay discovery on Defendants Katun Corp., PNA Holdings, LLC, General Plastics Industrial Co., Ltd.'s (hereinafter "Defendants") antitrust counterclaims.  Defendant Nashua Corp., whose motion to amend its answer to include the same antitrust counterclaims brought by the other Defendants is currently pending before this Court, has joined in Defendants' opposition to Plaintiffs' motion.  This Court has reviewed the written submissions with regard to this motion pursuant to <u>Fed. R. Civ. P.</u> 78, and issues this decision based upon these submissions.  The relevant facts and procedural history have been set forth sufficiently in the briefs submitted to the Court; thus, the Court will not recount them here.  For the following reasons, Plaintiffs' motion to bifurcate Defendants' antitrust counterclaims is granted, and Plaintiffs' motion to stay discovery on Defendants' antitrust counterclaims is granted in part and denied in part.

  Pursuant to Federal Rule of Civil Procedure 42(b), this Court may order a separate trial of

any counterclaim brought in this matter, in the interest of convenience, provided that the Court ensures that the parties' right to trial by jury under the Constitution and/or federal law is not violated. The Court has broad discretion in deciding whether to separate issues and claims for trial, in accordance with its broad power to manage its trial calendar. Enzo Life Sciences, Inc. v. Digene Corp., 2003 WL 21402512 at *4 (D. Del.). See, e.g., Barr Laboratories v. Abbott Laboratories, 978 F.2d 98, 115 (3d Cir. 1992). "In the context of patent cases, experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to the jury." Enzo, 2003 WL 21402512 at *5 (internal quotations omitted). See, e.g., Goldman v. RadioShack Corp., 2005 WL 1155751 at *1 (E.D.Pa.). Bifurcation of complex patent disputes has become a common occurence. See Steven S. Gensler, Bifurcation Unbound, 75 WASH. L.REV. 705, 725 (2000).

In deciding whether to bifurcate, courts should consider whether bifurcation will conserve judicial resources, improve the jury's comprehension of the issues, and avoid prejudice. Union Carbide Corp. v. Montell N.V., 28 F.Supp.2d 833, 837 (S.D.N.Y. 1998). The major concern of the Court, however, is to ensure a just and final disposition of the matter. In re Innotron Diagnostics, 800 F.2d 1077, 1084 (Fed.Cir. 1986).

The Court is of the opinion that bifurcation of Defendants' counterclaims is appropriate. Contrary to Defendants' contentions, the antitrust counterclaims presented raise certain complex issues that would likely confuse a jury of laypersons if they were required to consider the validity of Plaintiffs' patent claims and the truth of Defendants' assertions simultaneously. The parties' claims, and patent cases in general, involve matters of fact and issues of law that are not as

intuitive to the average reasonable juror as more common actions, such as actions for personal injury or breach of contract, would be.  In fact, to add antitrust issues to patent issues would pose a difficult task for even the most astute of juries.  This Court is most concerned with the fair resolution of these claims, and it is clear that the best way to ensure that the jury is able to come to a just and final disposition of the parties' claims is to bifurcate the issues.  Doing so will surely "enhance jury decision making in two ways: (1) by presenting the evidence in a manner that is easier for the jurors to understand, and (2) by limiting the number of legal issues the jury must address at any particular time."  Gensler, supra, at 751.

Furthermore, Defendants would not be prejudiced by bifurcation of the issues.  While separate proceedings may cause some inconvenience and/or increase expenses, there is no doubt that this would not rise to the level of prejudice required by Rule 46(b) and the relevant case law.  In light of the above factors, the Court finds that bifurcation of Defendants' antitrust counterclaims is proper.

Plaintiffs also seek to stay discovery related to Defendants' antitrust claims, asserting that to conduct discovery on the antitrust issues would "greatly tax the limited resources of this Court and place an undue financial burden on the parties."  Plaintiffs' Brief at pp. 6.  However, Plaintiffs fail to provide a reasonable explanation for how conducting discovery would do so.  The Court also notes that the parties are not conducting any other discovery at this time, and there has been little movement in this case as of late, as the parties await the outcome of certain motions and hearings.  Thus, in the interest of judicial economy, the Court's calendar would be best served by the parties conducting discovery with regard to Defendants' antitrust claims.  However, the parties may only conduct discovery related to Defendants' counterclaims on issues

of liability. All other discovery related to Defendants' antitrust claims is hereby stayed.

For the foregoing reasons, Plaintiffs' motion to bifurcate Defendants' antitrust counterclaims is GRANTED, and Plaintiffs' motion to stay discovery related to Defendants' antitrust counterclaims is GRANTED in part and DENIED in part.

                                                                      **s/ SUSAN D. WIGENTON**
                                                 UNITED STATES MAGISTRATE JUDGE

Orig:  Clerk
cc:     Honorable William H. Walls
       Parties
       File